

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00016-CV

_____

IN RE M.S., Relator

---

Original Proceeding
231st District Court of Tarrant County, Texas
Trial Court No. 231-687524-20

---

Before Walker, Kerr, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Relator Mother seeks a writ of mandamus to compel the trial court to (1) vacate its May 2025 order and (2) issue temporary orders appointing her as her child's sole managing conservator and removing any conservatorship rights of the Real Party in Interest Nonparent.[1] Because Mother has not used diligence, we deny her petition for writ of mandamus.

## I. LEGAL PRINCIPLES

Although mandamus is a legal remedy, equitable principles largely control it. *In re C.B.*, No. 02-25-00026-CV, 2025 WL 728233, at *2–3 (Tex. App.—Fort Worth Mar. 6, 2025, orig. proceeding [mand. denied]) (mem. op.). One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.* Thus, undue or unreasonable delays may waive a relator's right to relief unless the delay is justified. *Id.* Whether a relator's delay in asserting its rights precludes mandamus relief is a fact-specific inquiry. *Id.*

## II. APPLICATION

In June 2024, Mother filed a petition to modify the parent–child relationship seeking to have herself appointed as her child's sole managing conservator and to terminate Nonparent's status as the child's joint managing conservator. In July 2024,

---

[1]To protect the child's identity, we refer to the parties by their relationship to him. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

in an "Associate Judge's Report," the associate judge denied—as temporary orders—Mother the relief that she sought. Mother requested a de novo hearing, which the trial court conducted in November 2024, and the trial court, like the associate judge, refused to grant Mother her requested relief. Because this ruling was on the record, Mother could have sought mandamus relief at this point. *See* Tex. Fam. Code. Ann. § 101.026 (stating that a judge renders a decision when ruling "orally in the presence of the court reporter"); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (stating that courts may consider oral orders if they are clear, specific, enforceable, and adequately shown by the record). But the trial court did not sign a written order reflecting that ruling until May 2025—about six months later. This May 2025 order is the order from which Mother seeks relief. Thus, Mother waited until January 2026—approximately eight months after the order was signed and about fourteen months after the trial court made an oral ruling on the record—to file her petition for writ of mandamus.

Mother was not totally idle during all those months. In September 2025, she filed in the trial court a motion to reconsider.[2] The trial court purportedly heard this motion in December 2025 and denied it, but Mother has provided neither a reporter's

---

[2]Various statutes supporting Mother's position became effective September 1, 2025. *See* Act of May 15, 2025, 89th Leg., R.S., ch.236, §§ 1, 2, 3, 4, 5, sec. 102.0031, 2025 Tex. Sess. Law Serv. ——, —— (to be codified as Tex. Fam. Code §§ 102.0031, 153.002, 153.008). Mother relied on Sections 153.002 and 153.008 in her September 2025 motion to reconsider.

record of the hearing nor a written, signed order. Regardless, the order from which Mother seeks relief is the May 2025 order.

We further note that despite Mother's dissatisfaction with the temporary orders, our record does not show that she has sought to have her petition to modify set for a final hearing. Thus, Mother's petition to modify has been pending for a year and a half. *Cf.* Tex. Fam. Code Ann. § 263.401(a), (b) (requiring termination proceedings to be tried within one year with a possible 180-day extension for "extraordinary circumstances").

### III. CONCLUSION

We deny Mother's petition for writ of mandamus. *See C.B.*, 2025 WL 728233, at *2–3.

Per Curiam

Delivered: January 20, 2026